NOT DESIGNATED FOR PUBLICATION

No. 119,638

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER BRITT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed July 26, 2019. Affirmed.

*Jessica J. Sokoloff*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Christopher Britt appeals the district court's dismissal of his latest request for habeas corpus relief. The court dismissed it as untimely because Britt filed for relief nearly three years after the time limit established by statute and didn't show that an extension of that deadline was necessary to prevent manifest injustice. We agree with the district court that Britt hasn't shown manifest injustice and that the district court therefore properly dismissed his claim.

Before we discuss the present claim in more detail, we will first review Britt's convictions and earlier attempts to get relief. He was convicted in a jury trial of rape,

aggravated criminal sodomy, and aggravated indecent liberties for acts he committed against his then nine-year-old stepdaughter. Britt appealed the convictions, claiming prosecutorial misconduct in closing argument. But the Kansas Supreme Court affirmed his convictions. *State v. Britt*, 295 Kan. 1018, 287 P.3d 905 (2012).

Britt then sought habeas corpus relief. He filled out a form that can be used for this purpose and filed the claim about one week before the filing deadline. The district court then appointed an attorney to represent Britt, and the attorney filed a supplemental motion after the deadline; the attorney raised several arguments beyond what Britt had presented. The district court dismissed the additional claims as untimely and found no merit to those Britt had raised. Britt appealed, and our court chose to address the claims the attorney had raised rather than to decide the case solely on the timing of their presentation. We concluded that even if all the issues raised in the supplemental motion were considered on their merits, the outcome of Britt's trial and direct appeal wouldn't have been changed. *Britt v. State*, No. 112,525, 2015 WL 7693682, at *7 (Kan. App. 2015) (unpublished opinion).

Britt filed a second request for habeas relief—the one now before us—on August 29, 2016. There's a statutorily established deadline that requires habeas claims to be filed within one year of the conclusion of the initial direct appeal of a conviction. See K.S.A. 2018 Supp. 60-1507(f)(1). In Britt's case, the Kansas Supreme Court affirmed his convictions in an opinion issued November 2, 2012, and the mandate formally concluding the case was sent to the district court on November 26, 2012. So Britt's deadline had been November 26, 2013, making his August 2016 claim nearly three years too late.

That meant that Britt had to meet the manifest-injustice requirement the statute sets for extending the one-year deadline: "The time limitation . . . may be extended by the court only to prevent manifest injustice." K.S.A. 2018 Supp. 60-1507(f)(2). The Kansas

2

Legislature has also defined what is meant by "manifest injustice" in a statutory amendment that became effective before—and thus applies to—Britt's case. See *White v. State*, 308 Kan. 491, 502, 421 P.3d 718 (2018). Under that statutory definition,

> "[f]or purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

So we must determine (1) whether Britt has shown a good reason why he filed the claim after the one-year deadline and (2) whether he has made a colorable claim of actual innocence. Because the district court decided this case only from a review of Britt's written submission, we review these questions independently, with no required deference to the district court. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

He has made no showing at all on the first point. He doesn't explain why he waited so long to bring the claims in his second habeas filing. So that factor doesn't count in his favor.

As for a colorable claim of actual innocence, nowhere in his habeas claim or his brief on appeal does Britt claim that he didn't commit these crimes. That's not necessarily required, of course—he only needs to show that it's probable that no reasonable juror would have convicted him in light of some new evidence.

But Britt has not made a sufficient showing on that point even to justify an evidentiary hearing. The statutory test for actual innocence contemplates some "new evidence," but Britt hasn't pointed to any. Rather, his argument is that the attorney representing Britt at trial did a poor job of cross-examining the State's expert witness and

3

a poor job of presenting competing expert-opinion evidence. In theory, such a claim might warrant an evidentiary hearing to determine whether there's a probability that, with better representation, no juror would have convicted him. An evidentiary hearing is usually required unless the court can conclusively say from review of the habeas claim and the court file that the prisoner isn't entitled to any relief. See *Beauclair*, 308 Kan. at 293. When considering an actual-innocence claim as the basis for the manifest-injustice exception to the one-year filing deadline, to get an evidentiary hearing Britt needed only to show a probability that any reasonable juror would have had reasonable doubt. See 308 Kan. at 301. But Britt's allegations do not meet that standard.

Aside from the suggestion that his attorney could have done a more effective job, Britt never tells us what additional information would have come to the jury's attention had that happened. Without some new information, we are left merely with the suggestion that perhaps his attorney—somehow—could have done a better job. And without knowing some new information that the jury could have considered, we see no way to conclude that a reasonable juror probably would not have convicted Britt. We therefore do not believe Britt's presentation is enough to pass through the gateway test of showing actual innocence so as to merit further review of his habeas claim. See *Beauclair*, 308 Kan. at 302-03 (finding mere declaration of prisoner of his innocence insufficient to obtain manifest-injustice review while affidavits from victim recanting allegations combined with prisoner's recantation of his own statements to police warranted an evidentiary hearing).

We affirm the district court's judgment.